**STATE, ex rel. RUSSELL, Relator, v. EAST LIVERPOOL CIVIL SERVICE COMMISSION et, Respondents.**

Ohio Appeals, Seventh District, Columbiana County.

No. 746. Decided February 21, 1957.

George A. Aronson, East Liverpool, Samuel H. Copperman, Youngstown, for relator.

Joseph W. Cooper, East Liverpool, for respondents.

## OPINION

Per CURIAM.

This is an action in mandamus commenced in this court seeking an order compelling respondents to permit relator to take the promotional examination to be held for the purpose of filling the office of Chief of the Police Department of the City of East Liverpool, and was submitted to us upon the following stipulations:—

"1. It is agreed and stipulated by counsel for plaintiff and counsel for the defendants that the relator, John L. Russell, was the duly appointed Chief of Police of the City of East Liverpool, Ohio, in 1952 and has regularly served in said position until May 1st of 1956.

"2. That the relator received on April 26th, 1956, the following letter from the Mayor and the Safety Service Director of the City of East Liverpool, Ohio,:

"'April 26, 1956. John L. Russell, Police Department, City of East Liverpool, Ohio. Dear Sir: In the past month much criticism has arisen due to the operation of the Police Department and also due to the fact that many robberies have remained unsolved during the last several years.

"'We therefore feel that it would be for the best interests of the Police Department that you should be replaced. To enable this to be done we ask that you accept a demotion from the rank of Chief of Police to that of Lieutenant of Police.

"'We would appreciate an early response to this letter.

Yours very truly,
Arnold W. Devon, Mayor.
William C. Heasley,
Safety & Service Director.'

"3. That the relator on April 26th, 1956, replied by letter as follows:

"'April 26, 1956. Honorable Mayor Arnold W. Devon & Safety & Service Director William C. Heasley, City of East Liverpool, Ohio. Dear sirs: I am writing this letter in answer to your letter of this date. I am familiar with recommendation made by the Grand Jury of Columbiana County.

"'I have served the Police Department of the City of East Liverpool, as patrolman, Lieutenant, and Chief of Police for a period of 23 years and during that time I feel that I have served the City well and faithfully. It is my belief that the Grand Jury report is based upon misunderstandings in regard to my position.

"'If it is your belief that the best interests of the department and the city require my demotion, as you state in your letter, then not wishing to stand in the way, I hereby accept the demotion from Chief of Police to Lieutenant of Police, effective as of May 1, 1956. Yours very truly, John L. Russell.'

"4. No written charges of any kind were ever made by the Mayor or the Safety Director or the Civil Service Commission of East Liverpool, Ohio, against the relator, John Russell, or were served on John Russell or the Civil Service Commission.

"5. No hearing was ever held before the Civil Service Commission pertaining to the reduction in rank or the demotion of relator.

"6. Relator has since May 1, 1956, served as a Lieutenant in the East Liverpool Police Department up until the present day.

"7. An examination for the Chief of Police, East Liverpool, Ohio, was set for August 16th, 1956, by the Civil Service Commission.

"8. Relator made application in proper time and in proper form on August 4, 1956, as set by the Civil Service Commission for August 16, 1956, as per letter dated August 4, 1956, as follows:—

"'August 4, 1956. To the Civil Service Commission of the City of East Liverpool, Ohio. Gentlemen: Having requested application form but not having received one, I hereby make application by this letter, to take the examination for the position of Chief of Police of the City of East Liverpool, Ohio, now set for August 16, 1956.

"'Also attached to this letter is one dollar examination fee.

"'Should there be a refusal may I please have reply in writing. Respectfully yours, John L. Russell.'

"9. The Civil Service Commission replied refusing relator's application as per letter of August 4, 1956, signed by the Secretary of the Civil Service as follows:

"'Mr. John L. Russell, 151 Main Blvd., East Liverpool, Ohio. Subject: Promotional Examination for Police Chief. Dear Sir: In reply to your letter of August 4, 1956, please be advised that this commission is complying with the City Solicitor's opinion that you are ineligible to compete in the above examination to be conducted August 16, 1956. This opinion states that your acceptance of demotion for your replacement as Chief of Police will not permit you to be your own replacement. Enclosed is the $1.00 fee which accompanied your letter. Very truly yours, Civil Service Commission, by: R. G. Borger, Secretary.'

"10. At the time the captain's position in the Police Department was and still is vacant.

"11. Providing the relator was lawfully demoted or reduced in rank to Lieutenant from Chief of Police, then on August 16, 1956, the date set by the Civil Service Commission for the Chief's examination, and there were and there are at the present time two Lieutenants, being Lieutenant John Russell and Lieutenant Americo Radeschi.

"12. The Civil Service Commission had opened the examination for the Chief's position set on August 16, 1956, to all police desiring to take said examination below the rank of Lieutenant.

"13. There were no police at the time of the said examination nor are there now any police in a grade higher than Lieutenant.

"14. If the court finds there is now a vacancy in the office of the Chief of Police and if relator is found eligible to take the examination, then the examination shall be limited to Lieutenant Radeschi and Lieutenant Russell."

Notwithstanding that the question presented is now and was moot because the date of examination had expired before the appeal was heard, we will proceed to determine that question as though the petition sought to compel the respondent Commission to permit relator to take such examination whenever set by such commission.

Relator argues that respondent contends:—

"* * * that by the appointing authority attempting to demote the

relator to the position of lieutenant the entire sequence of promotion was upset and an attempt was made to upset the full force and effect of the Civil Service Statutes."

Relator contends:—

"* * * that he has two issues before this court:

"1. That as Chief of Police on April 26, 1956, he was presented with correspondence from the respondents and that such is set out as Stipulation No. 2 and his reply is Stipulation No. 3. Relator contends that the transaction consisting of Stipulation No. 2 and Stipulation No. 3 is a nullity inasmuch as it was irregular and not in compliance with the law as set out by the Civil Service Statutes of the State of Ohio.

"Secs. 143.01 to 143.48 R. C., provide generally: All reduction * * * in the Civil Service of the * * * cities * * * shall be in accordance with, and governed by, the Civil Service Act and the rules of the State or Municipal Civil Service Commission within their respective jurisdictions. The courts of Ohio have enforced the provisions of this Section.

"State, ex rel. Bay v. Whitter, 110 Oh St 216:

" 'The acts upon the part of the respondent as to the suspension do not meet the mandatory provisions of the statute, and the attempted suspension was illegal, void, and of no effect.' "

Further relator contends:—

"* * * that any appointment to a vacancy must be made from an eligibility list prepared by the Civil Service Commission and that the offer by the appointing authority to the relator to the position of lieutenant as set out in Stipulation No. 2 was illegal and that the acceptance as set out in Stipulation No. 3 was void and that the entire transaction in its entirety was illegal and a nullity and that the relator is still the Chief of Police of East Liverpool, Ohio."

Respondents contend:—

"1. That the letter of the Director and the Mayor of the City of East Liverpool to the Relator as set out in Stipulation Number 2 and relator's answer thereto as set out in Stipulation Number 3 constitute a valid acceptance of a demotion or reduction in rank on the part of the relator.

"2. That the language used in both letters in Stipulations Number 2 and 3 taken and read together clearly expresses the intent of the parties thereto that the Office of the Chief of Police was to be vacated and John L. Russell, the relator, was to be replaced and therefore relator has rendered himself ineligible to take the examination as part of the terms of his demotion or reduction.

"3. That relator is estopped by his own action to assert his claim to the office of Chief of Police or to take the examination for filling the vacancy created by his reduction in rank."

The question presented is whether relator is estopped by his own action to assert his claim to the office of Chief of Police or to take the examination for filling the vacancy created by his reduction in rank.

As applicable §143.26 R. C., provides:—

"* * * No chief of police or chief of a fire department shall be reduced in rank, laid off, or suspended, except as provided in §§143.27 and 143.28 R. C., with reference to the removal of any officer or employee in

the classified service of the state, counties, cities, and city school districts. * * *."

Obviously the foregoing section of the Revised Code upon which relator relies controls demotions and reductions forced upon officers by the appointing authority.

Relator was of full age and had many years experience as Chief of the Police Department and the unquestioned legal right to accept demotion, which acceptance legally bound him as well as the Department of Police.

In our opinion relator was demoted legally.

As to the other question presented whether relator has the right to take the examination for the office of Chief of Police, he, as well as officer Radeschi, each being lieutenants are automatically on the eligibility list of candidates for the examination of the office of Chief of Police.

At the time of demotion no provision or condition was attached barring him from taking future promotional examinations.

Clearly he is entitled to take such examination, and we so hold.

Writ allowed.

PHILLIPS, PJ, NICHOLS and GRIFFITH, JJ, concur.